UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  ED CV 18-0921-PSG (KS)                                    Date: May 4, 2018

Title  *Craisean Ryan Evans v. Stu Sherman, Warden*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On May 1, 2018, Petitioner, a California state prisoner proceeding *pro se* and requesting to proceed *in forma pauperis*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) According to the Petition, Petitioner was convicted on July 25, 2013 of attempted murder, shooting at an occupied vehicle, and participation in a criminal street gang. (Petition at 2.) The Petition indicates that Petitioner appealed his conviction to the California Court of Appeal, which affirmed his conviction on December 21, 2017[1]. (Petition at 2, 6.)[2] Petitioner sought review by the California Supreme Court, but no information is provided. (Petition at 6.) Petitioner then filed a habeas petition in state court with respect to the conviction, which was denied. (Petition at 6-7.)

On July 27, 2016, Petitioner filed a habeas petition in this Court raising four grounds in case number 5:16-cv-01631-PSG-KS ("Prior Federal Action"). (Petition at 19.) That petition was dismissed with prejudice on the merits on June 6, 2017. (Dkt. Nos. 22, 24, 25, 26 in docket for case number 5:16-cv-01631-PSG-KS.)[3]

On June 23, 2017, Petitioner filed a notice of appeal on the Prior Federal Action in the United States Court of Appeals for the Ninth Circuit. (Dkt. No. 27 in docket for case number 5:16-cv-01631-PSG-KS.) On January 31, 2018, the Ninth Circuit denied a certificate of appealability because Petitioner had "not made a 'substantial showing of the denial of a

---

[1] Petitioner appears to have provided the case information for his most recent appeal to the California Court of Appeal rather than the case information for his direct appeal post-conviction.
[2] For ease of reference, the Court uses the page numbers assigned by its electronic docketing system.
[3] The Prior Federal Action included different case numbers and dates of decision for the direct appeal of Petitioner's conviction than those provided in the current Petition. (*See* Dkt. No. 1 at 2, 4 in docket for case number 5:16-cv-01631-PSG-KS.)

constitutional right.'  28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)."  (Dkt. No. 31 in docket for case number 5:16-cv-01631-PSG-KS.)

The instant Petition, filed on May 1, 2018, contains one claim: that Petitioner was denied due process because the trial judge denied defense counsel's request that the judge give a jury instruction on imperfect self-defense.  (Petition at 8.)  This issue was not raised in the Prior Federal Action.  (*See* Dkt. No. 1 in docket for case number 5:16-cv-01631-PSG-KS.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  The Court has identified a defect in the Petition that suggests it must be dismissed.

### The Petition Is a Second And Successive Habeas Petition

The Petition, like the Prior Federal Action, concerns Petitioner's 2013 conviction.  State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence.  *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with certain exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition).  "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition.  *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive) (citations omitted).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."  *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. ED CV 18-0921-PSG (KS) | Date: May 4, 2018 |
| Title *Craisean Ryan Evans v. Stu Sherman, Warden* | |

In the Prior Federal Action, Petitioner sought Section 2254 relief based on the same state conviction at issue here. As noted, this Court denied the petition in the Prior Federal Action on June 6, 2017 and dismissed the action with prejudice. Therefore, in order for this Court to consider a second or successive 28 U.S.C. § 2254 petition, Petitioner must first seek authorization from the Ninth Circuit for the District Court to consider the instant Petition. 28 U.S.C. § 2244(b)(3). Here, the Ninth Circuit's dockets show that Petitioner has not filed any application seeking leave to raise the claims contained in the Petition in a second or successive Section 2254 petition. Accordingly, the Petition is barred as second or successive within the meaning of Section 2244(b). *See McNabb*, 576 F.3d at 1030 (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b).").

Therefore, **Petitioner is ORDERED TO SHOW CAUSE within thirty days of this Order why the Petition should not be dismissed** as second or successive. *See* 28 U.S.C. § 2244(b)(2); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

To discharge the Order to Show Cause, Petitioner must file, no later than thirty days from the date of this Order: (1) a First Amended Petition For Writ Of Habeas Corpus that explains why his Petition is not second and successive, or (2) authorization from the Ninth Circuit to file a second and successive petition.

**Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

| | : |
|---|---|
| **Initials of Preparer** | rhw |