# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAISEAN RYAN EVANS,<br><br>    Petitioner,<br><br>v.<br><br>STU SHERMAN, Warden,<br><br>    Respondent. | NO. EDCV 18-921-PSG (KS)<br><br>ORDER: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |

On May 1, 2018, Craisean Evans ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") under 28 U.S.C. § 2254. (Dkt. No. 1.)

Petitioner challenges a 2013 state court conviction for, *inter alia*, attempted murder, shooting at an occupied vehicle, and active participation in a criminal street gang. (Petition at 2.) However, this Court denied a prior habeas petition filed by Petitioner challenging the same conviction. *See Craisean Ryan Evans*, C.D. Cal. No. EDCV 16-1631-PSG (KS), at Dkt. Nos. 1 ("2016 Petition"), 19 ("2017 Report and Recommendation"), 25 ("2017 Judgment").

1

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

**BACKGROUND**

Petitioner appealed his 2013 conviction in the California Court of Appeal, which affirmed the judgment of the trial court on June 5, 2015. (*See* 2017 Report and Recommendation at 2); *see also* Docket, *The People v. Craisean Evans*, No. E059992 (Cal. 4th App. Dist. 2015), *available at* http://appellatecases.courtinfo.ca.gov (last visited June 29, 2018). Petitioner then filed a Petition for Review in the California Supreme Court, which denied the petition on June 12, 2015 without comment or citation to authority. (*See* 2017 Report and Recommendation at 2); *see also* Docket, *The People v. Craisean Evans*, No. S227737 (Cal. 2015), *available at* http://appellatecases.courtinfo.ca.gov (last visited June 29, 2018).

On July 27, 2016, Petitioner filed a Petition for Writ Of Habeas Corpus ("2016 Petition") pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of California. On June 6, 2017, United States District Judge Philip S. Gutierrez issued an order and judgment dismissing the action with prejudice and denying a certificate of appealability. On January 31, 2018, the United States Court of Appeals for the Ninth Circuit denied Petitioner's subsequent request for a certificate of appealability.

On May 1, 2018, Petitioner filed the instant Petition in the Central District. As stated above, the instant Petition, like the 2016 Petition, concerns Petitioner's 2013 conviction. On

May 4, 2018, the Court ordered Petitioner to show cause why the action should not be dismissed as an unauthorized second or successive petition. (Dkt. No. 4.) In response, Petitioner argued that the Petition presents newly discovered evidence in the form of testimony presented at the trial of Petitioner's co-defendant, Jermarr Session. (Dkt No. 5.) This testimony was the basis for the trial court issuing jury instructions on imperfect self-defense in Session's trial, and Petitioner contends that, had this testimony been presented to the jury in his trial, the trial court would have issued a similar instruction to his jury.[1] (Dkt. No. 5.) However, neither Petitioner's response to the Court's Order to Show Cause nor the Court's independent review of the federal dockets and filings available through the PACER system, indicate that the Ninth Circuit granted Petitioner leave to file a second or successive petition. *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation marks and citations omitted).

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b). "[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007) and *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)); *see also McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the

---

[1] The Court notes that despite receiving this instruction in Session's trial, the jury convicted Session of the same crimes as Petitioner: attempted murder; shooting at an occupied vehicle; and active gang participation. (*See* Dkt. No. 5); *see also The People v. Jermarr Jerrell Session*, No. EO64108 (Cal. 4th App. Dist. June 8, 2017), *available at* http://www.courts.ca.gov/opinions/nonpub/E064108.PDF (last visited June 29, 2018).

3

merits" in an earlier Section 2254 petition). There are some exceptions to this rule. *See* 28 U.S.C. § 2244(b)(2). Most notably, a claim presented in a second or successive habeas corpus application shall not be dismissed if, *inter alia*, the factual predicate for the claim could not have been discovered previously through the exercise of due diligence <u>and</u> the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2244(b)(2)(B).

However, even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

In his 2016 Petition, Petitioner sought Section 2254 relief based on the same state conviction at issue here. This Court dismissed the 2016 Petition with prejudice on its merits. Further, the facts underpinning the claim in the instant Petition occurred before Petitioner filed his initial petition on July 27, 2016. *See* Docket, *The People v. Jermarr Session*, No. E064108 (Cal. 4th App. Dist. Jun 8, 2017) (Notice of Appeal filed Jul. 31, 2015), *available at* http://appellatecases.courtinfo.ca.gov (last visited June 29, 2018). Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).

Further, Petitioner has not received leave from the Ninth Circuit to bring a second or successive Section 2254 petition. Because Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claim(s) alleged in the instant Petition, this Court lacks jurisdiction to consider the Petition. 28

U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Consequently, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice. If Petitioner receives leave from the Ninth Circuit to raise his claim(s) in a second or successive Section 2254 petition in this Court, he may file a habeas petition at that time.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[2] The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: July 3, 2018

_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

---

[2] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).